BOUTALL, Judge,
dissenting.
I dissent from the majority opinion holding that the contract sued upon was invalid. The trial judge found that there was in fact a valid contract between the parties, and that the defendants had changed their minds. The record contains ample evidence to support this finding. Accordingly I join with the dissent of Judge Stoulig for the reasons therein expressed, and would affirm the judgment, with the exception of the award of forfeiture of the deposit.
By whatever name it may be called, the contract entered into between the parties was a valid contract and became the law governing the obligations of each. The con *DLX tract contained the following pertinent clauses.
“Purchaser agrees to deposit with sellers’ agent in cash_% of purchase price amounting to ($8,550.00) within 24 hours of the acceptance of this offer to buy.”
***** *
“In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit ipso facto, forfeited, without formality beyond tender of title to purchaser; * * * ”
“In the event the seller does not comply with this agreement within the time specified, the purchaser shall have the right either to demand the return of his deposit in full, plus an equal amount to be paid as penalty by the seller; * * ”
The required deposit of $8,550.00 was made, but when the partial execution of the contract took place by the sale of the lot to the purchasers, the appropriate part of the agent’s commission was paid out of the deposit and the balance of the deposit was applied to the purchase price of the lot. It is apparent to me that the parties, by their actions, obviously changed the condition of requirement of a deposit, and there has been no deposit or requirement for deposit thereafter.
The ability of the seller to declare the deposit forfeited has thus been removed from the contract, and he has no right to declare it forfeited and keep it, any more than the purchaser would have to demand from him the return of his deposit in full plus an equal amount to be paid as penalty by the seller. If the seller has suffered damages as a result of the failure to perform by the purchaser, he must seek a different measure of damages. To that extent I would concur in result with the majority opinion.